UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DROPFIRE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION |
| ) | NO. 12-10281-JGD |
| JAMES A. CARSON, Individually, ) | |
| MAXCF, INC., and SMJ OF ) | |
| GREENWICH L.L.C., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF DECISION AND ORDER DISMISSING
ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

July 8, 2013

DEIN, U.S.M.J.

## I.  INTRODUCTION

The plaintiff, DropFire, Inc. ("DropFire"), has brought this action against the defendants, James A. Carson ("Carson"), MaxCF, Inc. ("MaxCF"), and SMJ of Greenwich, L.L.C. ("SMJ"), asserting state law claims for breach of contract (Counts I, II, III), breach of the covenant of good faith and fair dealing (Counts IV, V, VI), intentional misrepresentation (Counts VII, VIII, IX), violation of Mass. Gen. Laws ch. 93A (Counts X, XI), and promissory estoppel (Counts XII, XIII, XIV).  DropFire asserts that "[t]his Court has original subject matter jurisdiction over [its] Complaint pursuant to 28 U.S.C. § 1332 (action between citizens of different states with an amount in dispute exceeding $75,000.00, exclusive of interest and costs, as to each Defendant)."  (Am.

Compl. (Docket No. 11) ¶ 6). Thus, the plaintiff has brought its claims solely on the basis of diversity of citizenship.

The record indicates that both the plaintiff and one of the defendants, MaxCF, are incorporated in Delaware. (See id. ¶¶ 2, 4). Accordingly, on June 11, 2013, this court issued an order directing DropFire to show cause as to why the presence of a non-diverse defendant does not require the court to dismiss the case for lack of subject matter jurisdiction.[1] (Docket No. 98). On July 3, 2013, the plaintiff filed a Memorandum of Law in Response to the Court's Order to Show Cause. Therein, DropFire argues that "[w]hile it is true that both Plaintiff-corporation and MaxCF, Inc. are corporate citizens of the State of Delaware, Plaintiff's principal place of business, or 'nerve center,' is in Massachusetts." (Docket No. 101 at 1). It further contends that because its nerve center is located in Massachusetts, it is a citizen of Massachusetts rather than Delaware for purposes of diversity, and therefore, this court has subject matter jurisdiction over the parties' dispute. (Id. at 2).

While this court agrees that DropFire is a citizen of the state where its "nerve center" is located, this court finds that the plaintiff is also a citizen of Delaware, its state of incorporation. Therefore, and for all the reasons described below, this court has no diversity jurisdiction over the plaintiff's claims. Unless the plaintiff drops MaxCF from

---

[1] A federal court may address the question of jurisdiction at any time, even *sua sponte* on appeal. See In re Olympic Mills Corp., 477 F.3d 1, 6 (1st Cir. 2007).

the litigation within seven (7) days from the date of this Order, the action will be dismissed for lack of subject matter jurisdiction.[2]

## II.  ANALYSIS

"The district courts of the United States are 'courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute.'"  In re Olympic Mills Corp., 477 F.3d 1, 6 (1st Cir. 2007) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1637, 128 L. Ed. 2d 391 (1994)).  "Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94, 118 S. Ct. 1003, 1012, 140 L. Ed. 2d 210 (1998) (quotations and citation omitted).  For the reasons that follow, this court finds that the presence of a non-diverse defendant defeats this court's jurisdiction over the plaintiff's claims.  Accordingly, the matter must be dismissed unless that party is dropped from the litigation.

"In 28 U.S.C. § 1332, the sole basis for jurisdiction in this case, Congress bestowed upon the district courts original jurisdiction in civil actions between citizens of different states."  In re Olympic Mills Corp., 477 F. 3d at 6.  As the First Circuit has instructed, "[t]he diversity requirement of § 1332 must be complete.  In cases involving

---

[2] This court expresses no opinion as to whether it would be appropriate for the plaintiff to proceed without MaxCF.  This order is limited to the fact that the presence of MaxCF defeats diversity.

3

multiple plaintiffs or defendants, the presence of but one nondiverse party divests the district court of original jurisdiction over the entire action." Id.

In the instant case, DropFire does not dispute that both the plaintiff and one of the defendants, MaxCF, are incorporated in the State of Delaware.  Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]"  In light of the fact that both DropFire and MaxCF are incorporated in Delaware, they are both considered citizens of Delaware and are therefore not diverse.

DropFire's assertion that it is a citizen of Massachusetts, but not Delaware, because its "principal place of business, or 'nerve center,' is in Massachusetts[,]" lacks merit.  (Docket No. 101 at 1).  In support of this argument, DropFire relies on the Supreme Court's opinion in Hertz Corp. v. Friend, 559 U.S. 77, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010).  However, that case is entirely consistent with this court's conclusion that DropFire is a citizen of Delaware, even if it is also a citizen of Massachusetts.

In Hertz Corp., the Supreme Court explained that "[t]he federal diversity jurisdiction statute provides that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated *and of the State where it has its principal place of business*.'"  Hertz Corp., 559 U.S. at 80, 130 S. Ct. at 1185 (emphasis in original).  It then went on to interpret what is meant by the phrase "principal place of business" in order to resolve the divergent interpretations among the Circuit Courts of Appeal.  See id.

at 80-81, 130 S. Ct. at 1185-86.  The Court held that for purposes of the federal diversity statute, a corporation's principle place of business refers to "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities[,]" which the lower federal courts have often referred to as the corporation's "nerve center."  Id.  Significantly, however, the Supreme Court did not hold that a corporation is solely a citizen of the State in which it has its nerve center.  Rather, it confirmed that a corporation is a citizen of both the State where it has its nerve center *and* the State where it has been incorporated.  See id. at 80, 88, 130 S. Ct. at 1185, 1190 (explaining that under the diversity statute, a corporation is deemed to be a citizen of any State by which it has been incorporated and of the State where it maintains its principal place of business).  Thus, DropFire's argument that it is a citizen of Massachusetts, but not Delaware, is inconsistent with both the diversity statute and the Supreme Court's decision in Hertz Corp.

### III.  CONCLUSION

For all the reasons detailed herein, this court finds that the plaintiff, DropFire, and the defendant, MaxCF, are both citizens of Delaware.  Therefore, there is no diversity jurisdiction under 28 U.S.C. 1332.  Unless the plaintiff drops MaxCF from the litigation within seven (7) days from the date of this Order, the action will be dismissed for lack of subject matter jurisdiction.

                                             /s/Judith Gail Dein

                                             Judith Gail Dein

                                    United States Magistrate Judge